**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1801**

CAI YAN ZHENG; HANG LIN,

    Petitioners,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 15, 2013   Decided: February 13, 2013

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioners. Stuart F. Delery, Acting Assistant Attorney General, Blair O'Connor, Assistant Director, Rachel Browning, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cai Yan Zheng and Hang Lin, natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals' ("Board") order dismissing their appeal from the immigration judge's order denying their applications for asylum and withholding of removal. We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). An individual who has been forced to submit to an abortion or sterilization procedure is "deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well

2

founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42) (2006).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2012), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2012).* Without regard to past persecution, an alien can also establish refugee status by showing a well-founded fear of future persecution based on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua

---

* The Petitioners do not claim they suffered past persecution.

3

Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). When both the Board and the immigration judge issue decisions in an immigration case, this Court will review both decisions. Kourouma v. Holder, 588 F.3d 234, 239-40 (4th Cir. 2009).

An applicant's credible testimony "may be sufficient to sustain [her] burden of proof without corroboration." Marynenka v. Holder, 592 F.3d 594, 601 (4th Cir. 2010) (internal quotation marks omitted). "However, even for credible testimony, corroboration may be required when it is reasonable to expect such proof and there is no reasonable explanation for its absence." Chen Lin-Jian v. Gonzales, 489 F.3d 182, 191-92 (4th Cir. 2007).

4

"Regardless of [China's] policy generally prohibiting the birth of additional children following the birth of a son, to be eligible for [asylum] relief the respondent must also meet her burden of demonstrating a reasonable possibility that Chinese Government officials would enforce the family planning policy against her through means constituting persecution." Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 211 (B.I.A. 2010), abrogated on other grounds, Hui Lin Huang v. Holder, 677 F.3d 130 (2d Cir. 2012). The applicant must show that there is a government policy implicated by the births at issue, that the births in question are a violation of that policy and there is a reasonable possibility that government officials would enforce the policy against the petitioner through means constituting persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 142-43 (2d Cir. 2008).

The Board and the immigration judge relied upon reports issued by the State Department in support of the finding that the Petitioners did not show an objective well-founded fear of persecution. There was no support in the reports for the conclusion that the Petitioners risk being forcibly sterilized because they had two children in the United States. While they may face a fine, there was no evidence to compel the conclusion that the fine would be so severe that it would be tantamount to

5

persecution. We conclude that there was no error in relying upon the State Department's reports.

> A State Department report on country conditions is highly probative evidence in a well-founded fear case. Reliance upon these reports makes sense because this inquiry is directly within the expertise of the Department of State. . . .

> Absent powerful contradictory evidence, the existence of a State Department report supporting the BIA's judgment will generally suffice to uphold the Board's decision. Any other rule would invite courts to overturn the foreign affairs assessments of the executive branch.

Gonahasa v. INS, 181 F.3d 538, 542-43 (4th Cir. 1999). The Board relies upon the State Department's reports because "they are based on the collective expertise and experience of the Department of State which has diplomatic and consular representatives throughout the world." Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. at 213.

The Petitioners contend that neither the Board nor the immigration judge considered the documentary evidence they submitted. In this instance, the immigration judge detailed the contents of the administrative record and then stated that all of the evidence was considered. The Petitioners fail to point to any evidence that seriously undermines the State Department's reports regarding the treatment of persons who return to China after giving birth to two children overseas.

6

We also conclude there was no error in the immigration judge's and Board's decision to give little weight to the more localized evidence, such as the affidavits from friends and family and the village committees' responses to inquiries. The evidence was unnotarized and in some instances unsigned. Also, some of the evidence did not indicate that the Petitioners would be forcibly sterilized or heavily fined. While some of the evidence described instances of forced abortions or sterilizations, there was nothing that could be related to the Petitioners' immediate situation.

We also reject the Petitioners' argument that their burden of proof was too high. The State Department's reports were highly probative evidence that went against their claims for asylum and withholding of removal. The Petitioners failed to submit sufficient evidence that compels a different result.

Because substantial evidence supports the denial of asylum and withholding of removal and the record does not compel a different result, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED