Hoxha v. Holder

BIA
Laforest, IJ
A099 683 815
A099 683 816
A088 794 302

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

BENERETA HOXHA, KRISTI HOXHA, GENT HOXHA,
> *Petitioners,*

v.                                          12-571
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Saul C. Brown, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Shelley R. Goad,
                        Assistant Director; Russell J.E.
                        Verby, Senior Litigation Counsel,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Benereta, Gent, and Kristi Hoxha, natives and citizens of Albania, seek review of a January 12, 2012, order of the BIA, affirming the July 28, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Benereta Hoxha, Kristi Hoxha, Gent Hoxha*, Nos. A099 683 815/816, A088 794 302 (B.I.A. Jan. 12, 2012), *aff'g* Nos. A099 683 815/816, A088 794 302 (Immig. Ct. N.Y. City July 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like Petitioners', governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicants' demeanor, the plausibility of their accounts, and inconsistencies in their statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determinations are supported by substantial evidence.

In finding Benereta not credible, the agency reasonably relied on the Turkish entrance and exit stamps on her passport, which contradicted her testimony that she was in Albania at the time of her alleged rape. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Benereta testified that she lent her passport to her sister because her sister closely resembled her, did not have a passport, and needed to travel to Turkey for medical reasons, the agency was not required to credit her explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (noting that the agency need not credit an applicant's explanations for inconsistent

3

testimony unless those explanations would compel a reasonable fact-finder to do so). Indeed, while Petitioners contend that Benereta provided a plausible explanation for the presence of the stamps, we have held that "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief." *Id.* at 80-81 (internal quotation and citation omitted). Nor did the agency err in declining to give weight to Benereta's sister's and relative's letters because they were prepared solely for Petitioners' immigration proceedings after Benereta's attempt to conceal her passport stamps was discovered. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Matter of H-L-H & Z-Y-Z-*, 25 I.& N. Dec. 209 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The agency also reasonably determined that Gent was not credible due to inconsistencies among his testimony, application, and credible fear interview regarding whether he was a member of the Democratic Party and had been arrested in Albania. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Gent testified that his former counsel advised him to conceal this information during his credible fear

4

interview, the IJ was not required to credit his explanation.  *See Majidi*, 430 F.3d at 80-81.  Indeed, the IJ determined that Gent's explanation made no sense because he was being interviewed for the purpose of determining whether he had a credible fear of persecution and did not subsequently file a claim against his former counsel for ineffective assistance.  Moreover, while Petitioners argue that Gent's explanation was possible, as noted above, "the degree of deference we must afford to the IJ's credibility findings" requires more.  *Majidi*, 430 F.3d at 80.  Given these substantial inconsistencies, we conclude that the agency's credibility determinations are supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5