Pocesta v. Holder

BIA
Segal, IJ
A096 038 826

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

BURIM POCESTA, AKA KRISHANTHA PEDURU SINGHEGE, AKA KRISHANTHA GAYAN KUMARA PEDURU SINGHEGE,
> *Petitioner,*

> v.                                          12-3057
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Daniel E. Goldman,
                         Senior Litigation Counsel; Jem C.
                         Sponzo, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Burim Pocesta, a native and citizen of Sri Lanka, seeks review of a July 9, 2012, order of the BIA, affirming Immigration Judge ("IJ") Alice Segal's April 21, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Burim Pocesta*, No. A096 038 826 (B.I.A. Jul. 9, 2012), *aff'g* No. A096 038 826 (Immig. Ct. N.Y. City Apr. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I. Persecution by the LTTE--Changed Circumstances

An alien who, like Pocesta, demonstrates past persecution benefits from the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1). Once past persecution is established, the burden rests firmly with the government to rebut this presumption by showing, *inter alia*, a "'fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five [protected] grounds ... upon the applicant's removal.'" *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010)(quoting 8 C.F.R. § 1208.16(b)(1)(i)-(ii)); *accord* 8 C.F.R. § 1208.13(b)(1)(i)-(ii). We review the agency's finding of a fundamental change in circumstances for substantial evidence. *Alibasic v. Mukasey*, 547 F.3d 78, 86 (2d Cir. 2008).

Here, the agency's finding that circumstances in Sri Lanka had fundamentally changed is supported by the record. *See Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007). While the agency found that Pocesta had suffered past persecution at the hands of the Liberation Tigers of Tamil Elam ("LTTE"), it also found that State Department country reports demonstrated that conditions in Sri Lanka have significantly changed since

3

the end of the war in May 2009. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012) (approving BIA's reliance on State Department country reports as best source for information on country conditions); *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir. 2006) (per curiam).

Though Pocesta argues that the agency failed to account for post-war conditions, the IJ explicitly noted those conditions, citing reports alleging that the LTTE has an underground network and that certain parts of the country remain military zones. Nevertheless, the IJ found that the background evidence showed that the Sri Lankan government was making efforts to curb LTTE activity. *See Hui Lin Huang*, 677 F.3d at 138; *Hoxhallari,* 468 F.3d at 187.

To the extent that Pocesta argues that while the situation in Sri Lanka may be improving overall, the situation in his hometown of Mannar is still very dangerous, he failed to raise this issue below and it is thus unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1(b) (2d Cir. 2007). In sum, we conclude that the agency's finding that circumstances in Sri Lanka had fundamentally changed is supported by substantial evidence. *See Alibasic*, 547 F.3d at 86.

## II. Persecution by the Sri Lankan Government

Pocesta also argues that the agency erred in finding that he had not suffered past persecution at the hands of the Sri Lankan government, and erred in finding he did not have a well-founded fear of the government. Though he concedes that his detention by the army did not constitute persecution, he argues that they led the LTTE to target him, and the persecution by the LTTE along with the army's detention should be considered cumulatively to show past persecution and/or a well-founded fear of the Sri Lankan government.

However, contrary to Pocesta's argument, the agency did consider Pocesta's harm cumulatively. *See Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005) (requiring the agency to consider the cumulative significance of events). While it found Pocesta had suffered past persecution at the hands of the LTTE, it also found that Pocesta had never been mistreated when detained by the army, that the army never suspected him of being an LTTE member, and thus there was neither harm nor a nexus to find past persecution caused by the Sri Lankan government. *See* 8 U.S.C. § 1101(a)(42). The agency also reasonably found that Pocesta's purported fear of the Sri Lankan government was mere conjecture unsupported by the record evidence, particularly given that he had provided the

army with information against the LTTE. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (requiring "solid support" in the record to find a well-founded fear of persecution). Therefore, the agency did properly consider Pocesta's past harm in the aggregate in concluding that he established neither past persecution nor a well-founded fear of harm at the hands of the Sri Lankan government. *Cf. Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007). As Pocesta failed to establish his eligibility for asylum, he necessarily fails to meet the higher burdens for withholding of removal and CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court