10-1263-ag (L)
Huang v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2011

Submitted: December 1, 2011     Decided: March 27, 2012

Docket Nos. 10-1263-ag(Lead), 11-3584-ag(Con)

- - - - - - - - - - - - - - - - - - - -
HUI LIN HUANG and ZENG YONG ZHOU,
        Petitioners,

            v.

ERIC H. HOLDER, JR., United States
Attorney General,
        Respondent.
- - - - - - - - - - - - - - - - - - - -

Before: JACOBS, *Chief Judge*; NEWMAN and LEVAL, *Circuit Judges*.

Petition to review the March 26, 2010, order of the Board of Immigration Appeals, *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (B.I.A. 2010), *rev'g* Nos. A098 363 500/499 (Immig. Ct. N.Y.C. Feb. 12, 2008), denying application for asylum and other relief despite a finding by an Immigration Judge ("IJ") that the female applicant will be subjected to coercive sterilization if returned to the People's Republic of China. The BIA had ruled that an IJ's finding concerning a future event is not fact-finding subject to clear error review.

The Court of Appeals rejects that ruling and remands for further consideration. The Court of Appeals also approves the BIA's application of the *de novo* standard of review to the

objective component of a reasonably well-founded fear of persecution and approves the BIA's determination of the weight to be accorded State Department country reports.

Petition granted, and case remanded.

Richard Tarzia, Belle Mead, N.J., submitted a brief for Petitioners.

Tony West, Assistant Attorney General, Margaret J. Perry, Senior Litigation Counsel, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Office of Immigration Litigation, Civil Div., U. S. Dep't of Justice, Washington, D.C., submitted a brief for Respondent.

(Joseph C. Hohenstein, Orlow, Kaplan & Hohenstein, LLP, Philadelphia, Pa., Madeline Garcia, Pembroke Pines, Fla., Matthew Guadagno, Brooklyn, N.Y.; Annette Marie Wietecha, submitted a brief for *amicus curiae* American Immigration Lawyers Association, in support of Petitioners.)

(Deborah E. Anker, Sabrineh Ardalan, Harvard Immigration and Refugee Clinical Program, Cambridge, Mass., Susham Modi, Immigration and Refugee Advocate, University of Houston Law Center Immigration Clinic, Houston, Tex., submitted a brief for *amici curiae* Law Professors, Instructors, and Practitioners, in support of Petitioners.)

JON O. NEWMAN, *Circuit Judge*.

This petition for review of a decision of the Board of Immigration Appeals ("BIA") primarily raises two issues concerning

the standard of review that the BIA applies to a decision of an immigration judge ("IJ"). The first is whether the BIA may ignore an IJ's finding that an event constituting persecution will in fact occur if the applicant is removed on the theory that the finding of a future event is not fact-finding subject to review for clear error. The second is whether the BIA reviews *de novo* an IJ's decision that an asylum applicant has satisfied her burden to establish an objectively reasonable well-founded fear of persecution. The petition also raises the issue of the weight the BIA is entitled to give to State Department country reports. These issues arise on a petition filed by Hui Lin Huang and Zeng Yong Zhou to review the March 26, 2010, order of the BIA, reversing the February 12, 2008, decision of Immigration Judge Helen Sichel, and denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (B.I.A. 2010), *rev'g* Nos. A098 363 500/499 (Immig. Ct. N.Y.C. Feb. 12, 2008).

We conclude that an IJ's finding that a future event will occur if an applicant is removed is a finding of fact subject to review for clear error and that the BIA properly applies *de novo* review to an IJ's determination that an asylum applicant has not satisfied her burden to establish an objectively reasonable fear of persecution. We also conclude that the BIA may determine the weight to be accorded to State Department country reports. Because

-3-

of our ruling on the first issue, we grant the petition for review and remand for further consideration.

## Background

Petitioner Hui Lin Huang and her husband, Zeng Yong Zhou, are natives and citizens of the People's Republic of China ("PRC"). Both entered the United States without proper documents, Zhou in 1999 and Huang in 2002. The couple gave birth to a son in 2003 and a daughter in 2007.

Huang, the lead petitioner,[1] filed an application for asylum in 2006.[2] She and her husband were served with notices to appear before immigration authorities in 2007 and conceded removability.

Huang was the only witness at the hearing before the IJ. She testified that if she was removed, she would take her two children with her and live at her husband's home in Huang Qi Township in Fujian Province. She understood the local family planning policy to be "one birth, IUD; two birth[s], sterilization" and that she had been informed of this policy 300-400 times from radio broadcasts. She testified that she would be forcibly sterilized and also fined 20,000-25,000 RMB for violating the policy, that she

---

[1]Huang designated Zhou as a derivative beneficiary. *See* 8 U.S.C. § 1158(b)(3) (2009); 8 CFR § 1208.21 (2012).

[2]Because Huang does not challenge the BIA's denial of her claims for withholding of removal or relief under the CAT, those claims are forfeited. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

-4-

could not pay such a fine, and that, as a result of nonpayment, she would be jailed and her home destroyed. She also testified that her father, uncle, five aunts, and two friends had been forcibly sterilized.

The IJ ruled that the application was timely. The BIA did not disagree, and the Government has not challenged timeliness in tis Court.

Turning to the merits, the IJ recognized that an asylum applicant "must demonstrate an actual and genuinely held subjective fear of persecution and further show this fear is objectively reasonable, i.e., well-founded." IJ Op. at 4 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987)). After explicitly finding Huang to be a credible witness, the IJ stated, "[S]he has demonstrated that were she to be returned to China, the local authorities who would have jurisdiction over her family planning situation *would coercively sterilize her* and also impose a significant fine on her." IJ op. at 10 (emphasis added).[3] Implicitly treating this credible testimony as establishing Huang's subjective fear of persecution, the IJ considered the objective component of such fear and ruled that Huang "at least meets the

---

[3]The IJ did not explicitly make a finding as to whether the fine would constitute a "deliberate imposition of a substantive economic disadvantage," which we have ruled is needed before the imposition of a fine can be considered persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted).

reasonable person standard for a well-founded fear of coercive sterilization were she to be returned to People's Republic of China." *Id.* at 12. Having ruled that Huang was eligible for asylum, the IJ then ruled that Huang's case was appropriate for a favorable exercise of the Attorney General's discretion and granted the application for asylum.

On appeal by the Department of Homeland Security, the BIA reversed in a precedential decision. Initially, the Board noted that it reviews an IJ's "findings of fact," including those relating to credibility, to determine whether they are "'clearly erroneous.'" 25 I. & N. Dec. at 211 (citing 8 C.F.R. § 1003.1(d)(3)(i)(2010)), and reviews *de novo* "all other questions of law, discretion, and judgment, including the question whether the parties have met the relevant burden of proof." *Id.* (citing 8 C.F.R. § 1003.1(d)(3)(ii)).[4] The Board illustrated the final

---

[4]The full text of section 1003.1(d)(3) is as follows:

(3) Scope of review. (i) The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.

(ii) The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.

(iii) The Board may review all questions arising in appeals from decisions issued by Service officers de novo.

(iv) Except for taking administrative notice of commonly known facts such as current events or the contents of

portion of this standard of review by stating, "[T]he question whether the facts are sufficient to establish that the [asylum applicant] has a well-founded fear of persecution upon return to China is a legal determination that we review de novo." 25 I. & N. Dec. at 212. Then, in a statement critical to the issues on this petition for review, the Board stated:

> Determining whether a fear of what may happen in the future is well founded essentially involves predicting future events, and "it is impossible to declare as a 'fact' things that have not yet occurred."

*Id.* (quoting *Matter of A-S-B-*, 24 I. & N. Dec. 493, 498 (B.I.A. 2008)). The Board did not rule clearly erroneous the IJ's finding that local authorities "would coercively sterilize" Huang. Instead, the Board turned its attention to State Department reports on country conditions including the *Profiles of Asylum Claims and Country Conditions*, which it called "highly probative evidence," 25 I. & N. Dec. at 213, "usually the best source of information on conditions in foreign nations," *id.* (citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006)), and entitled to "'special weight,'" *id.* (quoting *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010).

---

> official documents, the Board will not engage in fact-finding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further fact-finding must file a motion for remand. If further fact-finding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

-7-

Then, noting that it had "considered the State Department documents on country conditions along with the particularized evidence presented by the applicant," the Board concluded "that [Huang] has not carried her burden of establishing a well-founded fear that the family planning policy will be enforced against her through means constituting persecution upon her return to China." *Id.* (citing *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007)).

## Discussion

Initially, we grant the motions of the American Immigration Lawyers Association and the "Law Professors, Instructors, and Practitioners" to submit *amicus curiae* briefs. *See* Fed. R. App. P. 29.

Under the circumstances of this case, we have reviewed only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) (2005); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I. BIA's Review of Fact-Finding Concerning a Future Event

We first consider the Board's treatment of the IJ's finding that if Huang is returned to China, the local authorities "would coercively sterilize her." The Board did not rule whether this finding was clearly erroneous. Instead, it ruled that an IJ's prediction that local authorities will impose a particular form of

-8-

harm upon a returned asylum applicant is not a finding of fact to be reviewed for clear error.  As we have noted, the Board stated that "it is impossible to declare as 'fact' things that have not yet occurred." 25 I. & N. Dec. at 212 (internal quotation marks and citation omitted).  If all the Board means by this statement is that a prediction that an event will occur in the future usually cannot be determined with the same degree of certainty that accompanies a finding that a past event has occurred, we would readily agree.   But  the  Board  is  saying  something  much stronger–that a finding that an event will occur in the future is not a finding of fact at all.  This meaning is evident from the Board's citation of its precedential decision in *A-S-B-*, 24 I. & N. Dec. 493 (B.I.A. 2008).

That case involved the claim of an asylum applicant who had previously  been  threatened  by  guerillas  and  feared  future persecution because of the prior incident.  The IJ had concluded that the applicant "would likely be singled out for persecution." *A-S-B-*, 24 I. & N. Dec. at 494.   The BIA, exercising *de novo* review, stated:

> [T]he  Immigration  Judge  rested  his  conclusion  on
> speculative findings about what may or may not occur to
> the respondent in the future. *This is not fact-finding*,
> because, among other reasons, it is impossible to declare
> as "fact" things that have not yet occurred. *Cf. [Jian
> Xing] Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

*Id.* at 498 (emphasis added).[5]  The Board additionally made its view

clear in another precedential decision, *Matter of V-K-*, 24 I. &

N. Dec. 500 (B.I.A. 2008), *vacated and remanded sub nom.*

*Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010),

rendered the same day as *A-S-B-*.  In *V-K-*, the Board,

stated, "Although predictions of future events may in part be

derived from 'facts,' they are not the sort of '[f]acts

determined by the Immigration Judge' that can only be reviewed

for clear error." 24 I. & N. Dec. at 501.

We think the BIA has erred in declining to consider an

IJ's finding that a future event will occur to be fact-finding

subject to review for clear error.  A determination of what will

occur in the future and the degree of likelihood of the occurrence

has been regularly regarded as fact-finding subject to only clear

error review.  *See*, *e.g.*, *In re Jackson*, 593 F.3d 171, 178 (2d Cir.

2010) (future earnings); *National Market Share, Inc. v. Sterling*

---

[5]The Board's citation to our Court's decision in *Jian Xin Huang* (not the Huang in the pending case) is well preceded by only "*Cf.*" *Jian Xin Huang*, decided under the pre-2002 regulations giving the BIA *de novo* review of all IJ decisions, *see* 421 F.3d at 127-28, did not rule that findings as to future events cannot establish "facts" subject to clear error review.  It simply ruled, in agreement with the BIA, that the applicant's evidence as to future persecution in that case was "speculative at best." *Id.* at 129.

-10-

*National Bank*, 392 F.3d 520, 529 (2d Cir. 2004) (future viability of a business); *Fuchstadt v. United States*, 442 F.2d 400, 402-03 (2d Cir. 1971) (future earnings).  Such a finding may be rejected under clearly erroneous review as speculative only in those instances where the IJ lacks an adequate basis in the record for the determination that a future event will, or is likely to, occur, but the finding may not be rejected as speculative simply because it concerns a future event.  As the Third Circuit has persuasively pointed out in *Kaplun*, "A present probability of a future event . . . while an assessment of a future event, is what a decision-maker in an adjudicatory system decides now as part of a factual framework for determining legal effect."  602 F.3d at 269.  Furthermore, the Attorney General's 2002 Guidance to the BIA stated, "The [Justice] Department's adoption of the 'clearly erroneous' standard encompasses the standards now commonly used by the federal courts with respect to appellate court review of findings of fact made by a trial court." *Board of Immigration Appeals: Procedural Reforms To Improve Case Management*, 67 Fed. Reg. 54878-01, 54890 (Aug. 26, 2002).  The BIA's "non-fact" view of a finding regarding a future event and its refusal to apply clear error review to such a finding is an error of law.[6] *See En Hui*

_____

[6]The Government's defense of the BIA's approach is seriously flawed.  First, in describing the IJ's rulings in this case, the Government makes no mention of the IJ's critical finding that if Huang returns to the PRC, coercive sterilization will occur.  Second, when

-11-

*Huang v. Attorney General*, 620 F.3d 372, 382-83 (3d Cir. 2010).[7]

The BIA, however, is on sound ground in its view that *de novo* review applies to the ultimate question of whether the applicant has sustained her burden to establish that her subjective fear of persecution is objectively reasonable. What the law's legal construct of a reasonable person would believe or do under the particular circumstances of a case is normally a question of law, the decision of which is reviewed *de novo*. Examples are a reasonable police officer's belief, for purposes of the validity of an arrest, that probable cause exists, *see United States v.*

the Government discusses the BIA's rulings in this and earlier cases, it goes directly to the legal issue of whether the applicant has satisfied her burden to show an objectively reasonable fear of future persecution, ignoring, as the BIA did in this case, the IJ's factual finding. *See* Brief for Respondent at 7, 26-28.

[7]Our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), did not resolve the issue. Although one of the IJ's in the three cases considered in that opinion appears to have made a finding that a petitioner would be subjected to coercive sterilization upon return to China, the BIA did not, as in the pending case, reject that finding on the theory that it was a finding concerning a future event. The BIA had not then issued its precedential decisions in *V-K-* and *A-S-B-*, expressing its view that an IJ's finding that a future event will occur is not a finding of fact subject to clear error review. As a result, our Court in *Shao* had no occasion to consider the validity of the BIA's subsequently announced approach to such fact-finding. We simply ruled, consistent with this opinion, that the BIA had made a legal determination that the petitioner's subjective fear of persecution was not objectively reasonable. *See id.* at 161-62.

Our subsequent decision in *De La Rosa v. Holder*, 598 F.3d 103, 108 (2d Cir. 2010), also did not resolve the issue. Ruling on a claim arising under the CAT, we remanded in part because the BIA had rejected, as contrary to the "weight of the evidence," an IJ's finding that torture was more likely than not to occur. *See id.* at 108. The BIA had not rejected the IJ's finding on the ground that it concerned a future event.

*Patrick*, 899 F.2d 169, 171 (2d Cir. 1990) ("The ultimate determination of whether probable cause to arrest existed . . . is essentially a legal question subject to *de novo* review."); a reasonable person's belief, for purposes of determining whether a seizure occurred, that the person was free to leave, *see United States v. Peterson*, 100 F.3d 7, 11 (2d Cir. 1996) ("Whether, in light of the facts, a seizure occurred is a question of law to be reviewed *de novo*."); and a reasonable public official's belief, for purposes of qualified immunity, that the official's actions were lawful, *see Lore v. City of Syracuse*, __ F.3d __, __, 2012 WL 310839 (2d Cir. Feb. 2, 2012).[8]

The Third Circuit suggested in *En Hui Huang* that the ultimate question of whether an asylum applicant has established an objectively reasonable fear of persecution often comprehends three subsidiary questions as to which different standards of review apply. The first is what may or will happen to the asylum applicant if she returns home. *En Hui Huang*, 620 F.3d at 383. Decision of this question, as we in this case and the Third Circuit have ruled, is a finding of fact as to which clear error review applies. *See id.* The second question is whether what may or will

---

[8]A notable exception arises in tort law where what a reasonable person would have done under the circumstances of the case is generally a fact question submitted to a jury. 10A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2729 (3d ed. 1998) ("[E]ven when there is no dispute as to the facts, it usually is for the jury to decide whether the conduct in question meets the reasonable-person standard.").

happen to the asylum applicant is serious enough to meet the legal test of persecution. *See id.* The Third Circuit ruled that a determination on this point is an issue of law as to which *de novo* review applies. *See id.* Although we have characterized this second issue as a mixed question of law and fact, *see, e.g., Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) ("The IJ determined . . . that the facts did not meet the legal definition of persecution in the INA. This is a mixed question of law and fact, which we review *de novo*."), we have likewise concluded that it is subject to *de novo* review. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 283 (2d Cir. 2006) ("The IJ also found that the [alleged harm] did not rise to the level of persecution . . . . We review de novo whether the IJ applied the correct legal standard for persecution claims[.]") (citing *Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir. 2003)); *Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir. 2006) (reviewing the IJ's "legal conclusions" *de novo*, including his finding that the mistreatment Kambolli allegedly suffered did not constitute persecution). The Third Circuit characterized the third question as "whether the *possibility* of those events occurring gives rise to a well-founded fear of persecution under the circumstances of the alien's case." *En Hui Huang*, 620 F.3d at 383 (emphasis added). This question, said the Third Circuit, is a mixed question of fact and law, *id.* at 384, as to which *de novo* review applies, *id.* at 387.

One aspect of the Third Circuit's formulation of the third question is potentially ambiguous. It is not clear whether the Third Circuit is focusing on events that constitute the persecution, such as forcible sterilization, or events that would be the consequence of not submitting to family planning policy requirements, such as jail or a fine for not submitting to sterilization. We need not pursue this distinction because of the IJ's finding that forced sterilization will occur.[9]

In the pending case, both sides urge us not to require the BIA to consider separately the three questions identified by the Third Circuit, an approach they contend would be unwieldy in practice, *see* Br. for Petitioner at 12 ("[I]t becomes all but impossible to rationally differentiate the probability inquiry from the reasonableness inquiry."); Br. for Respondent at 38 ("Applying the Third Circuit's deconstructionist theories . . . is a dizzying prospect.").

We see no need to prescribe a precise method of analysis that the BIA must apply when it reviews the decision of the IJ. An appropriate approach will depend on what the IJ has decided and

_____

[9]In the pending case, Huang testified that, in addition to forcible sterilization, she would be fined 20,000 to 25,000 RMB. She also testified that she could not pay such a fine and, in the event of nonpayment, would face criminal prosecution that could result in jail time and having her home demolished. The IJ found that, in addition to forcible sterilization, a "significant fine" would be imposed, but made no finding as to whether Huang's financial circumstances would preclude her payment.

-15-

what issues are challenged on administrative review to the BIA. The IJ might or might not have made a finding that some harm was inflicted on the applicant in the past, or that some harm will be inflicted in the future. There might be a finding only as to some probability of future harm, or only as to the consequences of not obeying a family planning policy requirement. The IJ might determine whether the harm, past or future, is serious enough to constitute persecution or whether the harm, past or future, has been shown to have been inflicted because of some protected ground. Based on such determinations, the IJ will normally determine whether the asylum applicant has suffered persecution and/or has a subjective fear of suffering future persecution, and whether she has an objectively reasonable fear of suffering future persecution. In making determinations on these various issues, IJs needs to be careful to break out the purely factual components of their determinations. For example, if an IJ determines that an applicant has suffered persecution, the IJ normally needs first to find as a fact what has happened to the applicant and then determine the legal issue of whether the harm inflicted constitutes persecution. In some cases, however, there may be no dispute that the harm inflicted, for example, forcible sterilization, constitutes persecution. *See* 8 U.S.C. § 1101(a)(42) (2011) (definition of political refugee includes person "who has a well-founded fear" that they will be forced to undergo sterilization). In every case,

-16-

the IJ should take pains to make clear what part of his or her determination is fact-finding and what part represents conclusions of law. For example, where an IJ finds a probability of future persecution, the IJ should make clear what it is that the IJ finds is likely to happen to the applicant and how likely it is, those being factual questions. The IJ should then explain the legal conclusion that such treatment of the applicant meets the legal standard for persecution. When the BIA reviews such determinations by an IJ, it will be clear which parts are fact-finding, reviewable for clear error, and which parts are questions of law, reviewable on a *de novo* standard.

In the pending case, the BIA's determination that the IJ's finding of a future event is not fact-finding and is not reviewed for clear error requires that we remand. On remand, the BIA must either accept the finding that upon Huang's return, she will be coercively sterilized or reject that finding if it can properly determine that the finding is clearly erroneous. Only after reviewing this finding can the BIA consider the issue whether Huang has satisfied her burden to establish an objectively reasonable fear of persecution. If the BIA does not validly reject as clearly erroneous the finding of coercive sterilization and nonetheless rules that Huang has not satisfied her burden of showing an objectively reasonable fear of persecution, it will have to provide sufficient explanation to permit proper appellate review by this

-17-

Court.  *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

II. BIA's Consideration of State Department Reports

The BIA stated that it accorded "special weight" to the U.S. Department of State's *Profile of Asylum Claims and Country Conditions in China* (May 2007) (hereinafter "2007 Profile"), noting that State Department Profiles are "highly probative evidence and are usually the best source of information on conditions in foreign nations."  *Matter of H-L-H-*, 25 I. & N. Dec. at 213.  Huang, supported by the *amici*, contends that the BIA erred by placing undue reliance on the 2007 Profile, "cherry-picked a select few passages from the [2007 Profile]" and ignored "inherent contradictions" in it. Brief for Petitioners at 31.

Our case law has already approved the BIA's consideration and use of State Department country reports.  We have noted that State Department reports are "probative," *Tu Lin v. Gonzales*,  446 F.3d 395, 400 (2d Cir. 2006), and are "usually the best available source of information on country conditions," *Xiao Ji Chen*, 471 F.3d at 341-42 (internal quotation marks omitted); that the BIA is entitled to "accord greater weight" to State Department reports in the record than to countervailing documentary evidence, *Jian Hui Shao*,

546 F.3d at 152; and that the weight afforded to the evidence, including State Department reports, "lies largely within the discretion of the [agency]," *Xiao Ji Chen*, 471 F.3d at 342 (internal quotation marks and alterations in original omitted).

Here, the BIA stated that it had "considered the State Department documents on country conditions along with the particularized evidence presented by [Huang]," and concluded that Huang failed to demonstrate "a well-founded fear that the family planning policy will be enforced against her through means constituting persecution upon her return to China." *Matter of H-L-H-*, 25 I. & N. Dec. at 213. This use of the State Department documents was not error, although, as previously discussed, the error with respect to the IJ's finding of coercive sterilization requires a remand for reconsideration of the BIA's ultimate conclusion concerning the objective component of a reasonable fear of persecution.

## Conclusion

The petition for review in No. 10-1263-ag is GRANTED, and the case is REMANDED for further consideration consistent with this opinion. In view of this remand, the consolidated case, No. 11-3584-ag, is DISMISSED without prejudice to reinstatement of the petition in the event that the BIA reissues a final order of removal on remand.[10]

---

[10]Huang's request for oral argument is DENIED. See Fed. R. App. P. 34(a)(2); 2d Cir. L. R. 34.1(b).