**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1339
_____

FENG LIN,
                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-371-482)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 2, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: August 5, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner, Feng Lin, seeks review of the Board of Immigration Appeals' (BIA or

Board) order denying his motion to reopen his removal proceedings.  For the reasons

discussed below, we will deny the petition for review.

I.

Lin, a native of China, entered the United States illegally in 1993. He subsequently applied for asylum and related relief based on his opposition to China's birth control policies, but the Immigration Judge denied his applications.

More than eight years later, in May 2012, Lin filed a motion to reopen the proceedings. Recognizing that his motion was untimely, Lin sought to meet the exception for motions that rely on material evidence of changed country conditions. See INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)]; 8 C.F.R. § 1003.2(c)(3)(ii). Lin explained that, in January 2010, while living in the United States, he joined the Party for Freedom and Democracy in China (PFDC).[1] According to Lin, the Chinese government had discovered his affiliation with this group, and, in March 2010, arrested his father and interrogated him about Lin's political activities. Lin claimed that he would be persecuted if forced to return to China, and sought reopening so that he could apply for asylum on these grounds. In support of his motion, Lin submitted, inter alia, a copy of his PFDC membership card, photographs of him participating in PFDC activities, letters from his father and sister in China, an affidavit from a leader of the PFDC, and background country conditions material.

---

[1] The documents that Lin submitted in support of his motion refer to the political party with which he is affiliated as both the "Party for Freedom and Democracy in China" and the "Chinese Democratic Party."

2

The BIA found that the evidence Lin submitted did not establish that country conditions had changed since his hearing in 2002. The Board noted that Lin's submissions "largely concern his U.S. activities, rather than country conditions in China." (AR00003) (citing Wang v. BIA, 437 F.3d 270, 274 (2d Cir. 2006), for the proposition that a "self-induced change in personal circumstances cannot suffice"). The Board further noted that the unsworn statements of Lin's family members were not authenticated, were created for the purpose of litigation, and were from interested parties not subject to cross-examination. According to the Board, absent corroborating evidence demonstrating that the Chinese government was aware of Lin's political activities in the United States, these statements did not provide a basis for reopening. Because Lin had not presented sufficient evidence to meet the changed country conditions exception, the Board denied the motion as untimely. This petition for review followed.

II.

We have jurisdiction over this petition for review pursuant to INA § 242(a) [8 U.S.C. § 1252(a)]. Because "[m]otions to reopen immigration proceedings are viewed with strong disfavor, . . . we review the BIA's decision to deny reopening for abuse of discretion, mindful of the broad deference that the Supreme Court would have us afford." Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (internal quotation marks and citation omitted). Under this standard, we may reverse the agency's decision only if it is

3

"arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted).

An alien generally may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

We agree with the BIA that Lin failed to establish changed country conditions material to his asylum claim. The Board correctly noted that Lin's participation in the PFDC since January 2010 constitutes a change in personal circumstances rather than a change in conditions in China. See Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012) (explaining that the petitioner's choice to engage in political activities in the United States after being deported does not support application of the changed country conditions exception). Furthermore, Lin's changed country conditions evidence does not indicate that the Chinese government's treatment of political dissidents has significantly worsened since 2002. Finally, the Board reasonably declined to give substantial weight to the letters from Lin's sister and father stating that the Chinese government was looking

4

for Lin. Cf. In re H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 215 (BIA 2010), *overruled on other grounds by* Hui Lin Huang v. Holder, 677 F.3d 130 (2d Cir. 2012).

We have reviewed Lin's objections to the BIA's decision, and conclude that they are unpersuasive. Accordingly, we see no basis for concluding that the Board abused its discretion in denying reopening on the grounds that Lin's motion was untimely and he did not qualify for the changed country conditions exception under INA § 240(c)(7)(C)(ii).

## III.

For the foregoing reasons, the petition for review will be denied.