*Gao v. Holder*

BIA
Poczter, IJ
A205 026 111

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SU GAO,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

14-2040
NAC

_____

FOR PETITIONER: Joshua E. Bardavid, New York, New York.

FOR RESPONDENT: Joyce R. Branda, Acting Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Su Gao, a native and citizen of China, seeks review of a June 5, 2014, decision of the BIA affirming an August 1, 2012, decision of an Immigration Judge ("IJ") denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Su Gao*, No. A205 026 111 (B.I.A. June 5, 2014), *aff'g* No. A205 026 111 (Immig. Ct. N.Y. City Aug. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To be eligible for asylum, an applicant, like Gao, who does

not allege past persecution, must demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). To demonstrate a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that such fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008). An applicant can establish an objective fear of persecution by either (1) offering evidence that there is a reasonable possibility that she would be singled out individually for persecution, or (2) establishing a pattern or practice of persecution of similarly situated persons in her home country. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008).

The agency did not err in finding that Gao failed to establish an objectively reasonable fear, either by showing that she would be singled out for persecution or that there is a pattern or practice of persecution of underground church members in China's Fujian province. Although Gao offered a letter from her aunt to show that underground church members have been persecuted, the agency reasonably gave this letter

3

diminished weight because her aunt was an interested witness and unavailable for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to evidence lies largely within agency's discretion); *see also In re H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from friends and relatives when they were written by interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *cf. Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency when it declined to give weight to unsworn letter from applicant's spouse who was an "interested witness"). Having considered Gao's individualized evidence, the agency reasonably concluded that her claim was speculative: it required assuming that Gao would join an underground church; proselytize publicly; and, unlike many underground church members who worship without harm, be arrested and persecuted. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Nor has Gao shown any error in the agency's pattern or

practice ruling.  Because she fails to meaningfully challenge it before this Court, Gao has waived that issue.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (holding that issues not sufficiently argued in briefs are considered waived and normally will not be addressed on appeal).  Nevertheless, the agency did not err.  The background evidence showed repression and harassment of underground church members, but also that the degree of interference with underground churches varied regionally.  Evidence in the record that there were very few incidents of religious persecution in Gao's home province of Fujian supports the agency's conclusion that Gao failed to meet her burden of showing systemic or pervasive persecution in Fujian province.  *See Jian Hui Shao,* 546 F.3d at 148-49, 169-72 (stating that where enforcement of a policy varies, applicant has burden to show well-founded fear of persecution in her locality in China).

Finally, Gao's argument that the agency failed to consider the entirety of the evidence is unavailing.  We "presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n.13 (2d Cir. 2006).  Here, the IJ explicitly stated that "the [c]ourt has

considered the entire record including all of the documents whether or not they are specifically mentioned herein," and then summarized Gao's evidence.

Having failed to meet the lower burden of proof for asylum eligibility, Gao also failed to meet the higher standards for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6