*Wang v. Lynch*
BIA
Cheng, IJ
A087 915 543

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

PEI WANG,
        *Petitioner,*

        v.                                         14-1869
                                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Peter Lobel, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Linda S. Wernery,
                       Assistant Director; Matthew M.
                       Downer, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pei Wang, a native and citizen of the People's Republic of China, seeks review of a May 8, 2014, decision of the BIA affirming a March 22, 2012, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pei Wang,* No. A087 915 543 (B.I.A. May 8, 2014), *aff'g* No. A087 915 543 (Immig. Ct. N.Y. City Mar. 22, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Wang's sole contention is that the agency erred in affording diminished weight to a letter from his friend in China, which describes the friend's arrest for attending an underground church and subsequent beating. The IJ gave limited weight to this letter because it was unsworn, unauthenticated, and from an individual unavailable for cross-examination. These were valid grounds for according diminished weight to the letter. *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 214-15 (BIA 2010) , *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). As this letter was the only evidence Wang submitted to show he would be singled out for persecution if returned to China, the agency reasonably found that Wang failed to meet his burden of proof. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

3

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk