14-256 (L)
Xia v. Sessions
BIA
Videla, IJ
A075 981 406

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand seventeen.

PRESENT:
    GUIDO CALABRESI,
    ROSEMARY S. POOLER,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

XIAO YAN XIA,
        *Petitioner,*

        v.                                    14-256(L),
                                              15-4129(CON)
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

        *Respondent.*\*

_____

FOR PETITIONER:         Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General;

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Michelle G. Latour, Deputy Director; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xiao Yan Xia, a native and citizen of the People's Republic of China, seeks review of (1) a January 6, 2014, decision of the BIA, affirming a September 19, 2012, decision of an Immigration Judge ("IJ") denying Xia's first motion to reopen, *In re Xiao Yan Xia,* No. A075 981 406 (B.I.A. Jan. 6, 2014), *aff'g* No. A075 981 406 (Immig. Ct. N.Y. City Sept. 19, 2012), and (2) a December 11, 2015, decision of the BIA denying her second motion to reopen, *In re Xiao Yan Xia,* No. A075 981 406 (B.I.A. Dec. 11, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable

2

standards of review are well established.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Xia's motions to reopen were untimely filed more than 13 years after the IJ's removal order became final, and that her second motion was number barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7) (C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1).  These time and number limitations do not apply, however, if the motion is to reopen in order to apply for asylum and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4)(i).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  The BIA did not err in finding that Xia failed to demonstrate such conditions.

3

While the 2014 Annual Report of the China Aid Association states that "Christians and practitioners of other faiths in China experienced the harshest persecution seen in over a decade," China Aid, 2014 Annual Report Religious and Human Rights Persecution in China 1 (Jan.-Dec. 2014), available at http://www.chinaaid.org/2015/04/china-aid-2014-annual-report-indicates.html, that report and the other record evidence do not demonstrate a material change in conditions since the time of Xia's hearing in 1998. *See In re S-Y-G-, 24 I. & N. Dec. at 253.* Rather, the country conditions evidence from 1998 and that from the time of Xia's motions describe the following similar conditions related to the government's treatment of unregistered religious groups: demolition of unregistered churches; removal of crosses from buildings; detention of unregistered church leaders; criminal or administrative penalties for unregistered church practitioners; and variations in government interference depending on location. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Xia argues that the BIA erred in declining to credit two letters from her family friends, both of whom claimed to have been persecuted for worshiping in an unregistered church in China and asserted that Xia would face a similar fate should she return. However, the BIA did not abuse its discretion in declining to credit the letters because they were unsworn and created for the purpose of supporting Xia's case. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter because letter was unsworn and submitted by an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 (B.I.A. 2010) (affording minimal weight to documents obtained solely for removal proceedings by witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Accordingly, because Xia failed to demonstrate material changed country conditions in China, the agency did not abuse its discretion in denying her motions to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. §§ 1003.2(c), 1003.23(b).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal

that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk