Zhao v. Barr

BIA
Sponzo, IJ
A202 020 722

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge,*
> DENNIS JACOBS,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

JIE ZHAO,
> *Petitioner,*

v.                                             18-1822
                                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mike P. Gao, Esq., Flushing, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Sarah K.

Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jie Zhao, a native and citizen of the People's Republic of China, seeks review of a May 22, 2018, decision of the BIA affirming a July 11, 2017, decision of an Immigration Judge ("IJ") denying Zhao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Zhao,* No. A 202 020 722 (B.I.A. Mar. 22, 2018), *aff'g* No. A 202 020 722 (Immig. Ct. N.Y. City July 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013).

2

<u>Asylum and Withholding of Removal</u>

An applicant for asylum "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i). "Likewise, a person seeking withholding of removal must show that his or her 'life or freedom would be threatened in that country *because* of the alien's race, religion, nationality, membership in a particular social group, or political opinion.'" *Martinez De Artiga v. Barr*, No. 17-2898-ag, 2020 WL 3067492, at *2 (2d Cir. June 10, 2020) (quoting 8 U.S.C. § 1231(b)(3)(A) (emphasis added)). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). "A particular social group cannot be defined exclusively by the claimed persecution, . . . it must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Id.* at 232 (quotation marks omitted). "Courts review *de novo* the legal determination of

3

whether a group constitutes a 'particular social group' under the INA." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

The IJ did not err in determining that Zhao's proposed social group of practitioners of an exercise activity, Zhuangmei Cao ("ZMC"), was not cognizable because Zhao did not demonstrate that the group was socially distinct. "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240. "Evidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' or 'other' in a particular society." *Id.* at 244.

Zhao testified that the Chinese government suppresses ZMC practitioners and that practice of ZMC is illegal. Additionally, two letters, including one from Zhao's wife, state that the Chinese government began to persecute ZMC practitioners in 2006. However, "[a]lthough a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough to establish a cognizable social group." *Paloka*, 762 F.3d at 196. Zhao did not testify or present evidence regarding how

4

Chinese society views practitioners of ZMC or whether Chinese society would view such practitioners as a distinct group. He therefore failed to establish that he was persecuted on account of his membership in a cognizable social group. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014) ("[T]here must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group."). Thus, he did not establish he was eligible for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

CAT

An applicant for CAT protection must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike asylum and withholding, CAT relief does not require a nexus to any ground. *See id.* "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007).

5

The agency must consider "all evidence relevant to the possibility of future torture," including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(i)-(iv).

We review the agency's determination regarding the likelihood of torture for substantial evidence and "review de novo questions of law regarding what evidence will suffice to carry [the] applicant's burden of proof." *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (internal quotation marks omitted).

The record supports the IJ's determination that Zhao did not demonstrate that it was more likely than not that he would be tortured in China. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004) ("A CAT claim focuses solely on the likelihood that the alien will be tortured if returned to his or her home country, regardless of . . . his or her past experiences."). There were no news articles or reports in the record showing that the Chinese government targets ZMC practitioners. Besides Zhao's testimony, the only evidence

6

that the Chinese government targets ZMC practitioners was two letters from relatives. The IJ could reasonably assign little weight to these letters. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the applicant's friends and family did not provide substantial support for the applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang*, 677 F.3d 130, 133–38 (2d Cir. 2012). Because of the lack of evidence regarding persecution of ZMC practitioners, substantial evidence supports the agency's denial of CAT protection. *See Joaquin-Porras*, 435 F.3d at 181–82.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7