Jiaman v. Garland

BIA
Poczter, IJ
A202 134 998

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-one.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MD BODIU JIAMAN,
> *Petitioner,*

v.                                                      **19-492**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, Esq.,
                         New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Melissa Neiman-Kelting,
                         Assistant Director; Jacob A.
                         Bashyrov, Trial Attorney; Office of
                         Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Md Bodiu Jiaman, a native and citizen of Bangladesh, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Jiaman's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *See In re Md Bodiu Jiaman*, No. A202 134 998 (B.I.A. Feb. 14, 2019), *aff'g* No. A202 134 998 (Immig. Ct. N.Y. City Dec. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision, as modified by the BIA, "under the substantial evidence standard, which requires that [it] be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018)(internal quotation marks omitted). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.*

(internal quotation marks omitted). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, substantial evidence supports the agency's determination that Jiaman was not credible as to his claim that members of the Awami League threatened and beat him on account of his political activities for the Bangladesh National Party.

As an initial matter, Jiaman's arguments were either exhausted before the BIA or may be treated as such given that they are "arguments by extension" of those raised below, *Gill v. INS*, 420 F.3d 82, 886 (2d Cir. 2005), with the exception of his challenge to the IJ's reliance on an inconsistent statement made in his bond proceedings. We need not consider the unexhausted challenge, *see Lin Zhong v. U.S. Dep't of*

3

*Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007), but we note that the agency may rely on the applicant's statements "whenever made and whether or not under oath" in making a credibility determination, 8 U.S.C. § 1158(b)(1)(B)(iii).

In finding Jiaman not credible, the agency reasonably relied on several identified inconsistencies, including that: (1) Jiaman stated in his credible fear interview that he was first threatened on February 20, 2014, which was just two days before he was purportedly beaten, but he testified at his merits hearing that he was first threatened in March 2013, almost one year before being beaten; (2) his evidence was inconsistent in describing the medical treatment he received for his twisted ankle, and he changed his testimony when confronted with the conflicting evidence; (3) his evidence was inconsistent regarding whether he spoke to the doctor who treated him; (4) his credible fear interview and hearing testimony were inconsistent regarding whether Awami League members called him with threats as well as threatened his mother in April 2014, or whether they threatened him only through his mother; and (5) his asylum application and testimony were inconsistent regarding whether his father was deceased and whether he has a brother. This court has

4

"recognized that even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully." *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020).[1]

The agency reasonably relied further on Jiaman's failure to rehabilitate his testimony with compelling explanations for inconsistencies or reliable corroborating evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original)); *see* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably

---

[1] Insofar as the agency also pointed to several omissions that did not support a finding of fabrication and a minor inconsistency in Jiaman's name that was not attributable to him, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 82, we conclude it would be futile to remand because the other inconsistencies, by themselves, constitute substantial evidence to support the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

obtain the evidence."). The agency was entitled to give diminished weight to statements from Jiaman's relatives, acquaintances, and doctor in Bangladesh because the declarants were interested persons not available for cross-examination, and certain of their statements were inconsistent with other record evidence. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's determination that unsworn letter by interested witness should be accorded "very little weight"); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from asylum applicant's friends and family insufficient to provide substantial support as to risk of persecution because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given these findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court