Jiang v. Lynch

BIA
A200 729 952

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

JUNRAN JIANG,
    *Petitioner,*

v.                                      14-3151
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:         Xin Miao, Flushing, N.Y.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Ernesto
                        H. Molina, Jr., Assistant Director;
                        Nancy N. Safavi, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Junran Jiang, a native and citizen of China, seeks review of an August 1, 2014 decision of the BIA denying his motion to reopen. *In re Junran Jiang,* No. A200 729 952 (B.I.A. Aug. 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, and review any findings regarding changed country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien may move to reopen within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if Jiang established changed country conditions in China by submitting material evidence that was not available at his previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii).

There is no dispute that Jiang's motion to reopen was untimely by approximately four years, and so he needed to

2

present reliable evidence of changed country conditions to support his claim that the Chinese government will persecute him for practicing Christianity.

Jiang argues that the BIA failed to attribute proper weight to the country reports in the record. However, the BIA discussed and cited these reports, finding that they demonstrated that the Chinese government "continues to allow the practice of Christianity, although there have been some reports of the detention of some leaders of underground, or 'house,' churches and harassment of some church members." A review of the three reports in the record confirm the BIA's finding, and the BIA was not compelled to conclude that this evidence reflected a change in conditions material to Jiang's claimed fear of harm. *See Jian Hui Shao*, 546 F.3d at 171.

Although Jiang states that conditions have worsened and relies on a 2010 country report, this report was not made part of the record. As it is Jiang's burden to present evidence supporting his motion, 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1), he cannot fault the BIA for not considering a report that was never submitted for its review.

Jiang also argues that the BIA erred by attributing

3

diminished weight to documents submitted in support of his motion. In particular, the BIA discounted the letter and documents from Jiang's friend, Hai Yu, because the letter was created for this litigation and was from an interested witness not subject to cross-examination, and the documents were not authenticated in any manner. The BIA also considered the underlying adverse credibility determination in Jiang's underlying proceedings. The BIA acted well within its discretion. *See H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (according diminished weight to letters from the alien's friends because they were interested witnesses not subject to cross-examination and the letters were created for the purpose of litigation), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Although the agency may err in rejecting a government document solely based on a failure to authenticate it under the regulations, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), it does not err where, as here, it discounts documentary evidence for failure to authenticate by any means and there are "legitimate concerns" about the applicant's credibility, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007).

4

Jiang also argues that the BIA did not provide "any independent consideration" of his CAT claim. The BIA, however, explicitly denied CAT relief because Jiang's evidence was insufficient to establish his prima facie eligibility for CAT relief. Jiang's claim is, therefore, meritless. *See also Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5