Silva v. Lynch

BIA
Montante, IJ
A088 939 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand sixteen.

PRESENT:
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

OSVALDO C. SILVA,
>        *Petitioner,*

>        v.                                          15-1207
                                                     NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Joel C. Haims; Malcolm Dort, Morrison & Foerster LLP, New York, N.Y.; Brian R. Matsui, Morrison & Foerster LLP, Washington, D.C. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Osvaldo C. Silva, a native and citizen of Angola, seeks review of a March 17, 2015 decision of the BIA affirming a March 22, 2013 decision of an Immigration Judge ("IJ"), which denied Silva's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Osvaldo C. Silva,* No. A088 939 797 (B.I.A. Mar. 17, 2015), *aff'g* No. A088 939 797 (Immig. Ct. Buffalo Mar. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Silva did not base his claims for relief on past harm; instead, he claimed only that he would be persecuted in the future by his father and by the Angolan population because he is gay. To establish asylum eligibility based on a well-founded fear of persecution, an applicant must show that

2

he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (Sotomayor, J.). An alien may make the latter showing either by offering evidence that "he or she would be singled out individually for persecution" or by "prov[ing] the existence of 'a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)). Private action constitutes "persecution" only when the government is unwilling or unable to control it. *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006). The agency reasonably concluded that Silva failed to meet his burden of proof for asylum because his fear of persecution was not objectively reasonable.

As to any persecution by Silva's father, the agency reasonably concluded that there was no evidence in the record that the Angolan government would be unwilling or unable to prevent Silva's father from harming him or punishing his father if he did. *See id.; Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"). The only

3

evidence in the record supporting Silva's allegation that his father could harm him with impunity is a letter from his mother stating that she was forced to flee to the Congo to avoid Silva's father.  The agency reasonably gave limited weight to this letter, however, which was from an interested witness who was not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  Silva argues that the agency failed to show that any other evidence was reasonably available.  However, even if this evidence was the only evidence available, the agency found it insufficient to meet his burden.  Accordingly, the agency reasonably concluded that Silva failed to show that the Government would allow his father to harm him if removed and therefore failed to show that his fear of persecution by his father was objectively reasonable.

The agency also reasonably concluded that Silva's fear of persecution by the Angolan population at large was not objectively reasonable.  *Jian Xing Huang*, 421 F.3d at 129.  The record contains conflicting evidence concerning the prevalence of violence against gay men in Angola, and the task of resolving conflicts in the record evidence is "largely within the discretion of the agency."  *Jian Hui Shao v. Mukasey*, 546 F.3d

4

138, 171 (2d Cir. 2008).  The 2011 State Department Report notes that gay men in Angola report facing violence and discrimination, but it does not disclose the extent of that violence or its frequency.  Silva submitted an additional article stating that homosexuals in Angola do not reveal their sexual orientation for fear of stigma and social exclusion; the article also reported on one gay man who had rocks thrown at him.  DHS submitted two articles, one of which states that, although homosexuality is technically illegal in Angola, there are no reports of any prosecutions for violating the law, and that a new proposed law criminalizes discrimination based on sexual orientation.  Moreover, the articles quote an HIV/AIDS activist, as well as a human rights observer, to the effect that violence against gay men is uncommon in Angola and that Angola is ahead of other African nations with respect to the treatment of LGBT individuals.  Given the conflicting evidence in the record, the agency reasonably determined that Silva had not shown that his fear of persecution by the Angolan population was objectively reasonable.  *See Jian Hui Shao*, 546 F.3d at 171; *Jian Xing Huang*, 421 F.3d at 129.

Silva does not advance distinct challenges to the agency's denial of withholding of removal and CAT relief in his brief to his Court; his challenges to the denials of these forms of

5

relief are entirely derivative of his challenges to the denial of asylum. Because Silva's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate—Silva's status as a gay man—the agency did not err in denying these applications for relief. *See Ramsameachire*, 357 F.3d at 185.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
