Chen v. Lynch

BIA
Cheng, IJ
A089 224 983

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MIN XIU CHEN,
> *Petitioner,*

v.                                          15-1568
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Ning Ye, Flushing, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Daniel
                         E. Goldman, Senior Litigation
                         Counsel; Samuel P. Go, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Xiu Chen, a native and citizen of China, seeks review of an April 13, 2015, decision of the BIA affirming a May 1, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Xiu Chen,* No. A089 224 983 (B.I.A. Apr. 13, 2015), *aff'g* No. A089 224 983 (Immig. Ct. N.Y. City May 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision "as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen did not claim to have suffered past persecution, and so she needed to show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). To do so, she needed to "make some

2

showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

To make that showing, Chen testified that she has joined two pro-democracy organizations in the United States, the Party for Freedom and Democracy in China and the Chinese Democracy National Committee ("DPC"). She described her activism in the United States and submitted letters from her mother, which reported that the police had admonished her to stop her daughter's activism. The agency gave these letters little weight because Chen's mother was an interested witness not subject to cross-examination; the letters were unsigned and unsworn; and the accompanying envelopes and identification documents did not establish authorship or authenticity. We "generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence," and do so here. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other*

3

*grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Chen argues that this treatment was problematic in light of agency regulations governing the admission of prior statements in removal proceedings. 8 C.F.R. §§ 1240.7(a), 1240.46(c). These regulations have no bearing here: Chen's mother did not make her statements during a previous hearing or trial. Chen also cites various court of appeals and BIA decisions dealing with the due process and Fourth Amendment implications of admitting hearsay and alienage evidence during removal proceedings. These cases are inapposite: the IJ did not reject the mother's letter as hearsay, but rather discounted it as unreliable.

The agency's alternative determination--that the background evidence on China did not demonstrate that Chen's fear of persecution is well founded even if the Chinese government was aware of her U.S. activities--was also reasonable. As the BIA observed, the evidence does not identify returning Chinese who were harmed for being ordinary members of pro-democracy groups in the United States. Consequently, the agency was entitled to find that, even if the Chinese government knows about Chen's activities, a reasonable

person in her shoes would not fear persecution. Chen points to the Department of State's 2007 Profile of Asylum Claims and Country Conditions for the proposition that ordinary members of pro-democracy groups have reason to fear. But that report states that "persons who participate in *high-profile* pro-democracy activities in the United States still run the risk of arrest and imprisonment should they return to China." As the IJ reasoned, Chen is not similarly situated to those persons: she merely joined in some protests and wrote four internet articles. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161 (2d Cir. 2008) (affirming BIA's determination that petitioner had not demonstrated a reasonable possibility of forced sterilization because, among other things, petitioner failed to present "evidence of forced sterilizations to persons similarly situated to himself")

Chen counters, somewhat confusingly, that "[t]o distinguish 'ordinary members' from 'prominent figures' and 'leading members' does not make sense for a 'statutorily defined group' in its primitive development stage." The Government is correct that Chen did not raise this argument before the BIA. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122, 124 (2d

5

Cir. 2007) (describing doctrine of issue exhaustion). In any event, Chen cites no evidence to support the counterintuitive assertion.

Chen argues that the agency erroneously applied the standard for withholding of removal, which requires that persecution be "more likely than not," to her claim for asylum, which requires only a "well-founded fear" of persecution. *Compare* 8 C.F.R. § 1208.16(b) (withholding), *with* 8 U.S.C. § 1101(a)(42) (asylum). Chen does not identify where or how the IJ made this purported error, but she may be focused on the IJ's statement that an applicant must show that her persecutors are either aware of her activities or "likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143. That is a correct statement of our law.

Chen argues that she deserved relief based on her credible testimony. She cites a pre-REAL ID Act decision, *Matter of Mogharrabi*, in which the BIA wrote, "The alien's own testimony may in some cases be the only evidence available, and it can suffice where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." 19 I. & N. Dec. 439, 445

(B.I.A. 1987). But as the Government points out, Chen does not claim that her own testimony is the only evidence available--she relies heavily on her mother's letter. Moreover, the REAL ID Act provides that "[w]here the trier of fact determines that the applicant should provide evidence that corroborates *otherwise credible testimony*, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158 (emphasis added).

Chen argues that the IJ failed to recognize that her party is an alias of the China Democracy Party ("CDP"), which the Chinese government has banned, and argues that as a consequence the IJ may have denied her due process. The BIA, however, did not review the IJ's findings about the two similarly named parties, and so this issue is not under review here. *Xue Hong Yang*, 426 F.3d at 522.

In a related due process claim, Chen alleges that the IJ denied her request to present the testimony of Liqun Chen, a DPC leader who could have explained the relationship between that party and the CDP. But the IJ did not deny Chen's request. Rather, the parties stipulated that Liqun Chen would testify

in accordance with her written statement, and agreed to forgo the formality. Given that stipulation, Chen cannot demonstrate that "that she was denied a full and fair opportunity to present her claims" or that the agency "otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

8