Bhai v. Whitaker

BIA
Hom, IJ
A205 432 151/152/153/154/155

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand nineteen.

PRESENT:
        DENNIS JACOBS,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

SOMESH K. BHAI, SONU KUMARI, ARYANN NLN, SHANN NLN, TANUSHREE NLN,
        *Petitioners,*

        v.                                    17-863
                                              NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:         Anas J. Ahmed, Pannun The Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Timothy Bo Stanton, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Somesh K. Bhai, Sonu Kumari, Aryann NLN, Shann NLN, and Tanushree NLN, natives and citizens of India, seek review of a March 20, 2017, decision of the BIA affirming a September 17, 2015, decision of an Immigration Judge ("IJ") denying Bhai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Somesh K. Bhai, Sonu Kumari, Aryann NLN, Shann NLN, and Tanushree NLN,* Nos. A 205 432 151/152/153/154/155 (B.I.A. Mar. 20, 2017), *aff'g* No. A 205 432 151/152/153/154/155 (Immig. Ct. N.Y. City Sept. 17, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The only issue before us is the agency's denial of withholding of removal and CAT relief as to Bhai himself. Although he applied for asylum and listed the other petitioners as derivative beneficiaries for that relief, the

2

agency denied the asylum application as time barred. Bhai has abandoned any challenge to that ruling and thus to that form of relief by failing to challenge the time bar ruling in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief). He similarly has abandoned any challenge to the BIA's denial of his motion to remand. *Id.* Accordingly, we address only whether the agency erred in denying withholding of removal and CAT protection on credibility grounds.

Because the BIA affirmed the IJ's adverse credibility ruling, we consider both the IJ's and the BIA's decisions on credibility "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination under a substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the

3

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's conclusion that Bhai was not credible.

First, the agency reasonably relied on Bhai's admission that he filed a fake visa petition in finding him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring an IJ to consider "the totality of the circumstances"); *Xiu Xia Lin*, 534 F.3d at 165 (same). Bhai initially stated that his visa petition "was a wrong and fake case." Although he then placed the blame on his prior attorney for submitting incorrect documents, we defer to the IJ because the record supports the IJ's inference given all of the reasons for the denial of the visa. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007). The IJ reasonably concluded that this initial false attempt to obtain an immigration benefit

4

undermined his credibility as a whole. *See Siewe*, 480 F.3d at 170 ("We have "frequently . . . held [that] an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate." (internal quotation marks omitted)).[1]

Second, the agency reasonably concluded that Bhai's credibility was further undermined by his two return trips to India after the alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing consideration of any "relevant factor"). Although "return trips alone are insufficient to establish lack of credibility," where, as here, an applicant's credibility is already in question, the agency may consider voluntary return trips. *Kone v. Holder*, 596 F.3d 141, 150 (2d Cir. 2010). Bhai does not challenge the agency's reliance on this factor. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Third, Bhai's corroborating evidence and his wife's testimony were insufficient to rehabilitate his credibility.

---

[1] Bhai also argues that the IJ erred by faulting him for not calling his father to testify regarding the circumstances of the L visa petition because his father is deceased. However, Bhai did not raise this issue before the BIA, and it therefore has not been exhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioner to exhaust issues before the BIA).

*See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Bhai's wife's testimony did not rehabilitate Bhai's credibility because she was an interested party and was not a direct witness to the alleged persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (concluding that weight afforded to applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal brackets and quotation marks omitted)). The IJ also reasonably concluded that unsworn letters from India lack indicia of reliability and were entitled to little weight. *See id.; see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given Bhai's admission to filing a fake visa application and his return trips to India despite the alleged persecution, substantial evidence supports the adverse credibility determination. That determination is dispositive of withholding of removal and CAT relief because both claims are based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7