Lucero-Franco v. Barr

BIA
Straus, IJ
A206 781 501

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand nineteen.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

CARLOS OMAR LUCERO-FRANCO,
        *Petitioner,*

    v.                                    17-2187
                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:          Tracie N. Jones, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Omar Lucero-Franco, a native and citizen of Guatemala, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Carlos Omar Lucero-Franco*, No. A 206 781 501 (B.I.A. Jun. 26, 2017), *aff'g* No. A 206 781 501 (Immig. Ct. Hartford Apr. 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We consider the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We "review *de novo* the legal determination of whether a group constitutes a 'particular social group'" under the Immigration and Nationality Act ("INA"). *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). We review the denial of CAT relief under the substantial evidence standard. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009).

2

I.    Withholding of Removal

To be eligible for withholding of removal, Lucero-Franco must show that his "life or freedom would be threatened in [Guatemala] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (requiring above factors be "one central reason" for persecution).  Lucero-Franco claims eligibility based on his membership in a "social group" that he defines as the children of wealthy families extorted by gangs.  The agency correctly concluded that such a social group is not cognizable under the INA because it lacks the requisite immutability, particularity, and social distinctiveness.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014) (stating that cognizable social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question").

This comports with our own precedent holding "that class status does not establish a social group with sufficient particularity." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007).  Petitioner does not dispute that wealth or

3

affluence, by itself, is too "subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." *In re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 76 (B.I.A. 2007). Nevertheless, he maintains that his proposed group clears these hurdles by limiting itself to the *children* of the wealthy. We are not persuaded because wealth, and not minority status, remains the defining characteristic of the group.

Nor can Lucero-Franco use the alleged harm—extortion—to urge recognition of his proposed social group. A "'particular social group' cannot be defined exclusively by the claimed persecution"; rather, "it must be 'recognizable' as a discrete group by others in the society, [with] well-defined boundaries." *In re M-E-V-G-*, 26 I. & N. Dec. at 232; *see also Ucelo-Gomez v. Mukasey*, 509 F.3d at 73 ("[A]lthough the existence of persecution is a relevant factor, a social group cannot be defined exclusively by the fact that its members have been subjected to harm." (internal quotation marks and emphasis omitted)).

As Lucero-Franco concedes, gang extortion is common in Guatemala and is not limited to children of wealthy families. *See Ucelo-Gomez v. Mukasey*, 509 F.3d at 73 ("When the harm

4

visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"). Thus, the agency did not err in also finding that Lucero-Franco failed to demonstrate that he was harmed *because* he was a member of his proposed social group.

The agency therefore did not err in denying withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A).

## II. Convention Against Torture

To receive protection under the CAT, Lucero-Franco must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike withholding of removal, CAT relief does not require a nexus to a protected ground. *See id.* Torture is "severe pain or suffering" inflicted "at the instigation of or with the consent or acquiescence of a public official," *id.* § 1208.18(a)(1), which requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Substantial evidence supports the agency's finding

5

that Lucero-Franco failed to establish that he will more likely than not be tortured if returned to Guatemala. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding."); *Yanqin Weng v. Holder*, 562 F.3d at 513, 516.

First, there is no evidence that gang members remain interested in Lucero-Franco. They have not contacted him since he left Guatemala in 2008, nor anyone in his family since 2010. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (noting that applicant's well-founded fear of persecution is undercut when similarly-situated family members remain unharmed in home country). Lucero-Franco admits that his fear that gang members may, nevertheless, resume efforts to extort him on return is speculative. Speculative harm, however, is insufficient for relief. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Second, Lucero-Franco failed to adduce evidence of the required government acquiescence in or consent to the claimed extortion. *See* 8 C.F.R. § 1208.18(a)(1). Although the 2014 State Department Report for Guatemala notes that government

6

"officials frequently engaged in corrupt practices with impunity," such evidence is insufficient to show that petitioner himself will likely be targeted and tortured with the consent of government officials. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (noting that although "some prisoners" in country "have been tortured," petitioner must show "someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned"); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support CAT claim). Here, the record indicates that Lucero-Franco's mother reported the extortion threats to the police, who took steps to investigate. Though the police were unsuccessful in preventing subsequent threats, there is no evidence that failure was a result of acquiescence or consent. *Cf. Khouzam v. Ashcroft*, 361 F.3d at 171 (explaining that not all official actions resulting in harm constitute torture). We, therefore, conclude that substantial evidence supports the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

7

that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>