Pinedo Vasquez v. Garland

BIA
Ruehle, IJ
A099 198 314

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty-two.**

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CAROLA CLAUDETTE PINEDO VASQUEZ,
> *Petitioner*,

v.                                                                    **19-2132**
                                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**                     Frederick P. Korkosz, Albany, NY.

**FOR RESPONDENT:**                     Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director, Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carola Claudette Pinedo Vasquez, a native and citizen of Peru, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum and withholding of removal.* *In re Carola Claudette Pinedo Vasquez*, No. A 099 198 314 (B.I.A. June 26, 2019), *aff'g* No. A 099 198 314 (Immig. Ct. Buffalo Jan. 9, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review findings of fact for

---

* Pinedo Vasquez does not challenge the agency's denial of relief under the Convention Against Torture.

2

substantial evidence and review questions of law and the application of law to facts de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). The likelihood of a future event is a finding of fact. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

To obtain asylum, an applicant must establish that she has suffered past persecution or has a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). A fear of future persecution is "well-founded" when the applicant shows "a reasonable possibility of suffering such persecution if [she] were to return to that country." 8 C.F.R. § 1208.13(b)(2)(B).

Pinedo Vasquez conceded that she did not suffer past persecution in Peru. The agency also reasonably concluded that Pinedo Vasquez did not establish a well-founded fear of future persecution. Pinedo Vasquez's fear of future harm by her ex-husband in Peru is too speculative to support a claim to relief. She acknowledged that her ex-husband has not physically abused her since 2008 and

3

that he has not spoken to her since a video call in 2012. And while she testified that her ex-husband acted in a threatening manner on the 2012 video call, she did not indicate that he made any explicit threat on that call. Moreover, Pinedo Vasquez and her ex-husband are now divorced, her ex-husband is in another relationship with the mother of his other children, she intends to live in a place where she would not be easily found, and Pinedo Vasquez's daughters, who speak to their father regularly, are unlikely to tell him about her whereabouts because they witnessed his abuse. Given the foregoing, the agency did not err in concluding that Pinedo Vasquez's fear of harm was too speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, h[er] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

As Pinedo Vasquez was unable to meet her burden of proof for asylum, she necessarily failed to meet her burden for withholding of removal, which requires a higher likelihood of future harm. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). We need not reach Pinedo Vasquez's argument that we should

4

overrule *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018).   Since briefing, the current Attorney General has vacated that decision, *see Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021), and the agency's conclusion that Pinedo Vasquez's fear of future harm was not objectively reasonable is dispositive of all relief, s*ee Lecaj*, 616 F.3d at 119–20; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006) (explaining that "remand to the BIA is futile . . . when the [agency] articulates an alternative and sufficient basis for [its] determination").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5