*Doe v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROBERT D. SACK,
> BETH ROBINSON,*
> *Circuit Judges.*

---

JOHN DOE,

>                    *Petitioner*,

>          v.                                                              21-6574

MERRICK B. GARLAND, United States Attorney General,

>                    *Respondent*.

---

For Petitioner:                                    CAROLINE M. GIESER, Shook, Hardy & Bacon L.L.P., Atlanta, GA (Michael Rayfield, Shook, Hardy & Bacon L.L.P., New York, NY; Alexandra Lampert & Zoey

---

* Judge Rosemary S. Pooler, originally a member of the panel that heard oral argument in this case, passed away on August 10, 2023.  Judge Beth Robinson was selected at random to complete the panel.  *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

Jones, Brooklyn Defender Services, Brooklyn, NY; Benjamin D. Bright, Mayer Brown LLP, New York, NY, *on the brief*).

For Respondent:                    BRENDAN P. HOGAN (Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the order of the BIA is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings consistent with this decision.

This case arises out of removal proceedings involving Petitioner. Petitioner seeks review of an October 29, 2021 order of the BIA affirming a March 19, 2021 decision of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In assessing an order denying CAT relief, we review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). Under the substantial evidence standard, "we must uphold agency factfinding 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (emphasis omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)).

An applicant for CAT relief bears the burden of "establish[ing] that it is more likely than

not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2022); *see also id.* § 1208.17(a). "Torture" is "an extreme form of cruel and inhuman treatment" that is not "incidental to lawful sanctions" and is "specifically intended to inflict severe physical or mental pain or suffering." *Id.* § 1208.18(a)(2), (3), (5). "To qualify as torture, actions must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Nasrallah v. Barr*, 590 U.S. 573, 577 n.1 (2020) (quoting 8 C.F.R. § 1208.18(a)(1) (2019)). In evaluating a CAT claim, the IJ considers "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture," "[e]vidence that the applicant could relocate to a part of the country of removal where he . . . is not likely to be tortured," "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(i)–(iv).

Here, Petitioner alleges a likelihood of torture by a drug cartel in the country to which he would be removed. Petitioner claims that, because he cooperated with law enforcement to the detriment of his co-defendants in a criminal case in the United States, the drug cartel's membership in that country—which allegedly includes Petitioner's co-defendants—would attempt to harm or kill Petitioner if he returned there. In addition, Petitioner alleges that officials in that country would consent to, or acquiesce in, this torture by the drug cartel. Petitioner further argues that, notwithstanding the merits of his CAT claim, the agency gave insufficient weight to the conclusion of his expert witness and failed to explain its reasons for doing so.

At this juncture, we need only consider whether the agency adequately explained its decision to give limited weight to the conclusion of Petitioner's expert, Dr. Jones. We conclude that it did not. "Expert witness testimony is evidence, but only an [IJ] makes factual findings."

*Matter of M-A-M-Z-*, 28 I. & N. Dec. 173, 177 (B.I.A. 2020). Thus, "[t]he question of what probative value or weight to give to expert evidence is a determination for the [IJ] to make as the fact finder." *Id.*; *see also Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012) ("[T]he weight afforded to the evidence . . . lies largely within the discretion of the agency.") (internal alteration, quotation marks, and citation omitted). Nevertheless, in making this determination, the substantial evidence standard "requires 'a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim.'" *Ojo v. Garland*, 25 F.4th 152, 160 (2d Cir. 2022) (quoting *Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020)). "This Court will vacate and remand for new findings . . . if the agency's reasoning or its factfinding process was sufficiently flawed." *Id.* (quoting *Manning*, 954 F.3d at 484).

Here, the IJ "gave full weight to the [expert] report by Dr. Jones" but "note[d] that Dr. Jones did not interview the respondent, and his opinions were based on general information about the respondent." SPA-2. As a result, the IJ gave "limited weight to the conclusion [Dr. Jones] makes in his report." *Id.* The IJ failed to specify which conclusion was given limited weight, however, even as the IJ credited and analyzed several of the expert's claims throughout the decision. Nor did the IJ adequately explain why the lack of an interview or the reliance on "general information" undermines the weight owed to Dr. Jones's conclusion. To be sure, the weight to be afforded expert evidence is a matter for the IJ to determine. *Hui Lin Huang*, 677 F.3d at 138. We cannot discern from the record before us, however, how the IJ arrived at the determination to afford limited weight to particular aspects of the expert's report, or more generally, how an interview of Petitioner would have altered or bolstered the expert's evidence.

Further, the IJ did not identify which information on which the expert relied was too

4

"general" to lead to a sound conclusion. Dr. Jones referenced factors that separate Petitioner from other deportees, C.A.R. 574; provided a synopsis of the particulars of Petitioner's case, *id.* at 574–75; and conducted "a review of the documents, including the declaration of the applicant, the declaration of the applicant's wife, and a wiretap application," *id.* at 576. Without more explanation from the IJ, we cannot determine why the sources of information on which Dr. Jones relied were insufficient to fully credit his expert conclusion.

Having found the IJ's analysis of the expert's conclusion insufficient to permit our review, we decline to consider other arguments raised by Petitioner on appeal. We therefore grant the petition for review, vacate the order of the BIA, and remand with instruction to further explain why the absence of an interview in this matter and the reliance on general information justify limiting the weight afforded Dr. Jones's conclusion.

\* \* \*

Accordingly, we **GRANT** the petition for review, **VACATE** the order of the BIA, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5